UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WAFORD BRYANT, | ) |
| | ) |
| Plaintiff, | ) No. 3:14-cv-01463 |
| | ) Chief Judge Haynes |
| v. | ) |
| | ) |
| GREGORY FORREST, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Waford Bryant, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this *pro se,* action under 42 U.S.C. § 1983 against the Defendants: f/n/u Keys, Sergeant and Internal Affairs Officer at Riverbend Maximum Security Institution; Gregory Forrest, Sergeant at Riverbend Maximum Security Institution; and Markese Osburne and Adam Hernandez, Correctional Officers at Riverbend Maximum Security Institution, all in their individual capacities. (Docket No. 1). Plaintiff seeks damages for alleged incidents that occurred while the Plaintiff was incarcerated at the Riverbend Maximum Security Institution. (*Id.* at p. 6).

According to his complaint, while incarcerated at the Riverbend Maximum Security Institution, Plaintiff feared for his safety citing Defendant Osburne's threats. Plaintiff reported his concerns about Defendant Osburne to Defendants Keys and Forrest. Plaintiff alleges that Defendants did not address the Plaintiff's concerns. On February 19, 2014, while being escorted to his cell from the visitation gallery in full restraints consisting of a waist chain, handcuffs, and leg chain, Plaintiff alleges Defendant Osburne attacked him as Defendants Forrest and Hernandez escorted him. Plaintiff denies that he provoked Defendant Osburne and cites the absence of any disciplinary action

1

against him for the incident. Plaintiff alleges that Defendant Osburne slammed Plaintiff to the ground and punched the Plaintiff in the face. According to the Plaintiff, he was briefly unconscious and awoke to discover that he was bleeding. Two nurses examined the Plaintiff and told him that he needed an x-ray, that was never provided. (Docket No. 1, Complaint).

Under the Prison Litigation Reform Act (PLRA), this Court must conduct an initial screening of a prisoner's *pro se* complaint against a governmental entity or official. The Court must dismiss the complaint *sua sponte* before service on any defendant if the complaint asserts claims that are frivolous or malicious, fails to state claims upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eighth Amendment to the United States Constitution protects convicted prisoners from excessive force by correction officials.

Given Plaintiff's specific factual allegations about the February 19, 2014 incident, the Court concludes that Plaintiff states a colorable Eighth Amendment claim of excessive force under 42 U.S.C. § 1983 against Defendant Osburne. 28 U.S.C. § 1915A. In addition, the Court concludes that Plaintiff states colorable claims under the Eighth Amendment against Defendants Forrest, Keys, and Hernandez who allegedly were deliberately indifferent to Plaintiff's personal safety and their failure to intervene when Defendant Osburne allegedly punched Plaintiff.

An appropriate Order is filed herewith.

**ENTERED** this the ____5th____ day of August, 2014.

_____
William J. Haynes, Jr.
Chief United States District Judge