UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **WAFORD K. BRYANT # 448777,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 3:14-01463 |
| | ) | Judge Haynes/Brown |
| **GREGORY FORREST, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**To: The Honorable William J. Haynes, Senior United States District Judge**.

## REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that the motion to dismiss filed by defendants Sgt. Gregory Forrest, Sgt. Michael Keys, and Corrections Officer (CO) Adam Hernandez (Doc. 44) be **DENIED** as to defendants Forrest and Hernandez, that the motion to dismiss (Doc. 44) be **GRANTED** as to defendant Keys, and that the complaint against defendant Keys be **DISMISSED WITH PREJUDICE**.

## I. INTRODUCTION
## and
## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action on July 16, 2014 under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. (Doc. 1) The alleged events that gave rise to this action occurred while he was incarcerated in the Riverbend Maximum Security Institution (RMSI) in Nashville. Plaintiff names the following defendants to this action: Sgt. Forrest, Sgt. Keys, CO Markese Osborne, and CO Hernandez.

This cause of action arises from an alleged assault on February 19, 2014 in which defendant Osborne allegedly punched plaintiff in the mouth, knocking him out. (Doc. 1, ¶ 12, p. 4 of 19)[1]

---

[1] The page numbers referred to in documents filed by plaintiff are those assigned by the court's CMECF system.

Defendants Forrest and Hernandez were escorting plaintiff to his cell in full restraints at the time. (Doc. 1, ¶ 12, p. 4 of 19)  Plaintiff asserts that he had numerous conversations with defendant Keys about threats defendant Osborne had made to him.  (Doc. 1, ¶ 9, p. 3 of 19)

Defendants Forrest, Keys, and Hernandez answered the complaint on October 13, 2014. (Doc. 23)  These three defendants raised multiple affirmative defenses in their answer, including that plaintiff failed to exhaust his administrative remedies.  (Doc. 23, ¶ 6, p. 3)  Defendant Osborne answered the complaint on July 8, 2015.  (Doc. 54)  Defendant Osborne also raised multiple affirmative defenses, including that "[p]laintiff failed to comply with or satisfy his burden under the Prison Litigation Reform Act."  (Doc. 54, ¶11, p. 3)

The District Judge referred this case to the undersigned on May 4, 2015.  (Doc. 28) Thereafter, defendants Forrest, Keys, and Hernandez (hereinafter "the moving defendants") filed a motion to dismiss for failure to exhaust on May 26, 2015.  (Docs. 44-45)  Plaintiff responded on July 29, 2015 (Doc. 59), and the moving defendants replied on July 30, 2015 (Doc. 60).  The moving defendants' motion to dismiss is now properly before the court.

## II. ANALYSIS

### A. Standard of Review

An action brought in federal court may be dismissed for failure to state a claim on which relief may be granted.  Rule 12(b)(6), Fed. R. Civ. P.  In assessing a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and determine "whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A motion to dismiss under Rule 12(b)(6) "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007)(citation omitted). Review under Rule 12(b)(6) generally is limited to the pleadings. *See Tellabs, Inc. v. Makor Issues & rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *see also Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).

### B. Exhaustion

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the [PLRA] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Failure to exhaust is an affirmative defense. *Jones*, 549 U.S. at 216; *Surles v. Anidson*, 678 F.3d 452, 455 6th Cir. 2012). The defendants bear the burden of proof on the question of exhaustion. *Surles*, 678 F.3d at 455.

### C. The Moving Defendants' Argument

The moving defendants argue that "Plaintiff failed to properly utilize the inmate grievance procedure to remedy his alleged claims" thereby "depriv[ing] the Department of an opportunity to resolve his concerns and effectively resulted in Plaintiff circumventing the administrative process." (Doc. 45, p. 3) Not a model of clarity, the gist of this argument appears to be that plaintiff's grievance did not put them on notice that they might be hailed into court to defend against his claims. The defendants assert the following in support of this apparent argument:

> Plaintiff filed a grievance asserting he was hit in the fact by Officer Osborne. . . . As evidenced by the grievance attached to the Complaint: 'This grievance/complaint is being filed on Officer Osborne due to excessive force . . . .' However, the grievance filed by Plaintiff fails to address or mention any deliberate indifference or other claims against Defendants Keys, Forrest and Hernandez. . . . Plaintiff's grievance fails to mention any claims regarding Defendant

3

> Keys nor alleges that he was being threatened by Officer Osborne and that he conveyed such threats to Defendants Keys and Forrest, as is alleged in the Complaint. As such, Plaintiff failed to exhaust his administrative remedies regarding his claims against Defendants Keys, Forrest and Hernandez.

(Doc. 45, p. 3)

Plaintiff's grievance in the matter of the alleged assault is at the heart of the moving defendants' argument. Plaintiff has attached a copy of that grievance to his complaint. It reads as follows:

> This grievance/complaint is being filed on officer Osborne, due to excessive force, guard brutality and/or cruel & unusual punishment and violation of my Eighth Amendment rights . . . Furthermore this complaint is being filed to exhaust my Prison Litigation Reform Act under federal Rules of Civil Procedure.
>
> On 2/19/14 when being escorted back to my cell in full restraints from the [visitors gallery] by Sgt Forrest and Officer Hernandez, I was forcefully thrown to the ground [and] when I was on the ground I was attacked by Officer Osborne. Officer Osborne Punched me in the face/nose leaving minor injury to my nose. . . .
>
> . . . . In officer Osborne's statement he admitted punching me in the nose/face.

(Doc. 1, pp. 12-13 of 19)[2,3] As shown above, defendants Forrest and Hernandez are named in the grievance in connection with the alleged assault by defendant Osborne, defendant Keys is not. The question becomes whether the manner in which defendants Forrest and Hernandez are addressed in the grievance is sufficient to have put them on notice, and what is the effect of plaintiff's failure to mention defendant Keys in his grievance. The Magistrate Judge will address each in turn.

---

[2] The text of the grievance was edited for grammatical, spelling, and other structural errors for ease of reading.

[3] The Magistrate Judge notes for the record that the documentation attached to the complaint shows plaintiff pursued his administrative remedies through one complete round of the Tennessee Department of Correction (TDOC) grievance process as to the alleged assault. The defendants do not challenge the validity of the attached documentation, nor do they argue that plaintiff failed to pursue this grievance through one complete round of TDOC's grievance process.

### 1. Defendants Forrest and Hernandez

The PLRA's exhaustion requirement serves the interest of providing "fair notice of . . . alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). A prisoner's grievance is not required "to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient . . . that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim . . . ." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)(overruled on other grounds by *Jones*, 549 U.S. at 217-24 (overruling the Sixth Circuit's previous total exhaustion rule, *i.e.*, the requirement that a prisoner exhaust as to all claims and all defendants)).

A side-by-side comparison of the grievance and the complaint shows that the two are virtually identical in the facts alleged against defendants Forrest and Hernandez. Both assert that defendants Forrest and Hernandez were escorting plaintiff in full restraints to his cell when he was slammed/thrown forcefully to the ground and then assaulted by defendant Osborne. (Doc. 1, pp. 4 and 13 of 19) Although neither the grievance nor the complaint identify who slammed/threw plaintiff forcefully to the ground, a reasonable person could conclude from the grievance that, because defendants Forrest and Hernandez were in control of plaintiff as they escorted him in full restraints, they either were the ones who slammed/threw him forcefully to the ground, or they did not prevent defendant Osborne from doing so. In either event, that same reasonable person could conclude that the grievance – as written – served to put defendants Forrest and Hernandez on notice

of possible Eighth Amendment excessive force/failure to protect claims against them.[4]

Although unclear, it also appears from the text quoted from the moving defendants' memorandum above at pp. 3-4 that defendants Forrest and Hernandez are of the opinion that plaintiff's statement in his grievance, *i.e.*, "[t]his grievance/complaint is being filed on officer Osborne," somehow negates any notice that too they might liable to suit. Defendants Forrest and Hernandez do not cite any case law to support such a theory. The Magistrate Judge is not aware of any such law, nor is he inclined to impose higher standards on a grievance filed by a prisoner than he would on a complaint filed by a prisoner proceeding *pro se*. In short, this part of defendant Forrest and Hernandez's argument is unpersuasive.

As previously noted above at p. 3, the defendants bear the burden of proof on the question of exhaustion. Defendants Forrest and Hernandez have failed to meet their burden of proof. Accordingly, the motion to dismiss for failure to exhaust should be denied as to defendants Forrest and Hernandez.

## 2. Defendant Keys

The complaint does not identify defendant Keys as being present at the time of the alleged assault. (Doc. 1, ¶ 12, p. 4 of 19) The complaint asserts only that plaintiff had numerous conversations with defendant Keys concerning threats defendant Osborne allegedly made to him. (Doc. 1, ¶ 9, p. 3 of 19) Defendant Keys also is not mentioned anywhere in plaintiff's grievance or attached incident related documents. (Doc. 1, pp. 8-19 of 10) Taking the complaint and the grievance together, plaintiff's claim against defendant Keys appears to be premised on a separate/independent legal theory from that against defendants Forrest and Hernandez. A prisoner

---

[4] The complaint alleges "excessive force, guard b[ru]tality, and cruel and unusual punishment." (Doc. 1, ¶ 12, p. 4 of 19)

does not exhaust his administrative remedies when a defendant is not named in the grievance, and the claim against that defendant is a separate claim premised on a separate and independent legal theory  See Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001).

For the reasons stated above, the complaint should be dismissed against defendant Keys for failure to exhaust. That said, a complaint normally is dismissed without prejudice for failure to exhaust. In this instance, however, the 1-year statute of limitations for this § 1983 action has passed.[5] Although the statute of limitations in § 1983 actions is not jurisdictional, *i.e.*, it is subject to equitable tolling, common sense supports the conclusion that plaintiff cannot satisfy the five-part test for equitable tolling under *Keenan* at n. 7 below.[6] More particularly, plaintiff cannot justify not doing in the case of defendant Keys what he acknowledged in writing in his grievance that he was required to do to comply with the PLRA. (Doc. 1, p. 13 of 19) Accordingly, the Magistrate Judge also recommends that the case against defendant Keys be dismissed with prejudice.

---

[5] The statute of limitations for a § 1983 action is the same as that for personal injuries, which, in Tennessee, is one year. *See Wilson v. Garcia,* 471 U.S. 261 (1985)(superseded by statute on other grounds in *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004); Tenn.Code Ann. § 28–3–104(a)(1) & (3). The statute of limitations begins to run when Plaintiff "knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 857 (6th Cir. 2003). In plaintiff's case, that would have been February 19, 2014, the date of the alleged assault. That said, the statute of limitations under the PLRA is tolled while a prisoner-plaintiff exhausts his administrative remedies. *Surles,* 678 F.3d at 458. The record shows that the TDOC Deputy Commissioner of Operations responded to plaintiff's grievance on May 14, 2014, and the grievance was returned to RMSI on May 19, 2014. (Doc. 1, pp 8 of 19) In short, three and one-half months have passed since the statute of limitations ran in May of this year.

[6] The Sixth Circuit has adopted a 5-part test for analyzing equitable tolling applicable in §1983 actions. The factors to be considered are: 1) lack of notice of the requirement to file suit; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) reasonableness of plaintiff remaining ignorant of the notice requirement. *Johnson v. Memphis Light Gas & Water, Div.*, 777 F.3d 838, 843 (6th Cir. 2015).

## III. CONCLUSION AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained above that the motion to dismiss (Doc. 44) be **DENIED** as to defendants Forrest and Hernandez, that the motion to dismiss (Doc. 44) be **GRANTED** as to defendant Keys, and that the complaint against defendant Keys be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 8th day of September, 2015.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge