```
                 UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

WAFORD K. BRYANT,                  )
                                   )
       Plaintiff             )
                                   )      No. 3:14-1463
v.                                 )      Judge Crenshaw/Brown
                                   )      **Jury Demand**
GREGORY FORREST, *et al.*,         )
                                   )
       Defendants            )

**TO:   THE HONORABLE WAVERLY D. CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

Presently pending is the motion for summary judgment of Defendants Forrest and Hernandez (Docket Entry 107). The motion has been supported by a memorandum (Docket Entry 108), a statement of facts (Docket Entry 109), and affidavits of Forrest, Hernandez, Keys, Horton, and Dolinich (Docket Entries 110 through 114). The Plaintiff has actually filed two responses to the motion (Docket Entries 119 and 124). There has been no reply.

For the reasons stated below, the Magistrate Judge recommends that the motion be denied as it appears that there are factual disputes, which must be resolved by a jury.

### BACKGROUND

The Plaintiff's complaint (Docket Entry 1) alleges, beginning at page 4[1] that on February 19, 2014, while he was an inmate at Riverbend, he was being escorted back to his cell in full restraints, including waist chains, handcuffs and leg chains, by

---

[1] The Magistrate Judge will use the ECF page numbers to refer to pleadings.

Sergeant Forrest and Officer Hernandez. Officer Osburne came toward him. Without warning Forrest and Hernandez forcefully slammed him to the ground and Officer Osburne, while Plaintiff was down, suddenly and without warning punched him in the nose. In his complaint (p. 5) Plaintiff denies making any aggressive motion toward the Defendants and alleges that he received no disciplinary action for any activity on that date.

Attached to the complaint is a grievance concerning the assault by Officer Osburne (p. 12-19). In his description (p. ID 13) Plaintiff states that Officer Osburne's punch left a minor injury to his nose. The investigation concerning the Plaintiff's grievance shows that all three officers took the position that the Plaintiff spit on Officer Osburne and that Officer Osburne reacted spontaneously and struck the Plaintiff in the nose. They contend that the Plaintiff was then taken down to prevent further interaction between the Plaintiff and Officer Osburne. It does not appear from the report that the Plaintiff was charged with an assault on Officer Osburne. The Plaintiff's deposition was taken during discovery and was filed with the motion for summary judgment (Docket Entry 108-1).

In his deposition the Plaintiff admits that he has an extensive disciplinary record, including defiance, violations of state law, mutilation, creating a disturbance, possession of a deadly weapon, sexual misconduct, destroying state property, assault on staff, interfering with officers' duties, attempted

2

suicide, refusal of direct order, threatening employees, conspiracy to violate state law, tampering with security evidence, staff inmate provocation, disrespect, possession of contraband, creating a disturbance, fighting, failure to report as scheduled, and possession of security threat group material (p. ID 288-289). Although he denied that he had been convicted of assaulting staff approximately 17 times, Plaintiff admitted that he had been convicted of assaulting staff more than one time (p. ID 289).

In his deposition, when specifically asked about the incident in question (Docket Entry 108-1, p. ID 284-285), the Plaintiff testified that prior to the incident he had made complaints to internal affairs Sergeant Keith that Defendant Osburne had made numerous threats of doing bodily harm toward him. He stated that approximately two weeks after the last threat by Osburne he was assaulted when walking back from the visitation gallery to his cell. He testified:

> Okay. Osburne was coming out of Charlie pod where I was housed, and I was walking towards Charlie–into Charlie pod. And he looked at Defendants Forrest and Hernandez and smiled and winked, and then the next thing you know, he ran towards me. I got thrown down on the ground by Forrest and Hernandez, and I got punched in the face by Officer Osburne, and he broke my nose.

The incident reports prepared in connection with the Plaintiff's medical treatment (Docket Entry 114-1, p. ID 340) contains a statement of the incident apparently signed by the Defendant Forrest that states "Upon escorting inmate Bryant No. 478777 from [unreadable] to Unit 4 to E-pod area, inmate Bryant did

3

spit toward Officer Osburne. He was then immediately subdued to the floor for security of staff." There is no mention of Officer Osburne striking the Plaintiff.

From the affidavit of Shift Commander Horton (Docket Entry 113) it appears that he issued a verbal warning to Officer Forrest for failing to charge Inmate Bryant with a disciplinary infraction for assaulting Officer Osburne by spitting in his face.

## LEGAL DISCUSSION

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts ...

must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Despite direct instructions in my order (Docket Entry 116) that the Plaintiff needed to respond to the statement of facts and that if he denied a statement he needed to cite to something in the record to support the denial, the Plaintiff did not specifically respond to the statement of undisputed material facts.[2] He only disputed them in general terms in the response itself. Although Local Rule 56.01(g) states that failure to respond to a moving party's statement of material facts shall indicate that the asserted facts are not disputed for the purpose of summary judgment, in view of the Plaintiff's sworn testimony in his deposition, I do not feel that I can ignore that testimony, even though the Plaintiff failed to comply with the Court's directions and the Local Rules.

As the Defendant notes, it is not the function of the Court to make credibility determinations absent clear indications that the Plaintiff's contentions are not valid. Certainly, if there were a video of the incident the Court could rule on summary judgment despite conflicting testimonies. In this case there is no video of the incident and the testimonies of the parties is

---

[2]In the future the Magistrate Judge would suggest that Defendants filing statements of undisputed material facts leave adequate room for a *pro se* prisoner to be able to respond.

5

diametrically opposed. While the Plaintiff's version is disputed by the three officers and the Plaintiff has an extensive record, which could lead a jury to discount his testimony, nevertheless the evidence is not so one-sided as to preclude a verdict for the Plaintiff.

The Plaintiff specifically alleges and testified that he did not spit on Officer Osburne and that he was not struck by Officer Osburne until after the other two officers took him to the floor. He has alleged and testified that there was a wink and nod between the two officers moving for summary judgment and Officer Osburne. He in essence argues that there was a concerted effort of the three officers to take him down and that Officer Osburne then struck him.

**RECOMMENDATION**

While a jury may well reject the Plaintiff's version, there are sufficient disputed facts that summary judgment is inappropriate at this point.[3] Summary judgment should be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

---

[3] The case appears to remain set for trial on May 16, 2017 (Docket Entry 87).

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

  **ENTER** this 18th day of January, 2017.

        /s/ Joe B. Brown
        JOE B. BROWN
        United States Magistrate Judge