UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WAFORD K. BRYANT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:14-cv-01463 |
| | ) | JUDGE CRENSHAW |
| GREGORY FORREST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge, recommending that Gregory Forrest's and Adam Hernandez's (collectively "Defendants'") Motion for Summary Judgment be denied. (Doc. No. 125.) Defendants filed timely objections. (Doc. No. 130.) The Court has reviewed the Report and Recommendation, the objections and conducted a de novo review of the record. For the following reasons, the objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**.

Defendants first object that the Magistrate Judge considered Waford Bryant's testimony regardless of Bryant's failure to follow the Local Rules and respond to Defendants' Statement of Undisputed Facts. (Doc. No. 130 at 1.) "By order entered in any case, the Court may deviate from any provision of any Local Rule of this Court, when appropriate for the needs of the case and the administration of justice." LR 1.02. Judge Brown found that suspending the requirement that Bryant respond to Defendants' Statement of Undisputed Facts was appropriate for the needs of this case and the administration of justice, and the Court agrees. Therefore, the Court overrules this objection.

Defendants' objections regarding the excessive force claim also lack merit. First, Judge Haynes' Order did not dismiss any claims, so it did not dismiss any excessive force claim. (Doc. Nos. 4-5.) Further, the Magistrate Judge found that Defendants did a take-down of Bryant while Bryant was not resisting, which could be an excessive force claim. See Lawler v. City of Taylor, 268 Fed. Appx. 384, 387 (6th Cir. 2008) (finding the defendant's take-down excessive when the plaintiff did not pose a threat to the defendant's safety). The take-down resulted in more than a de minimis injury because it was "maliciously and sadistically to cause harm," rather than in a "good faith effort to maintain or restore discipline. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). Therefore, this objection is overruled.

Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 107) is **DENIED**. This case will proceed to trial on May 16, 2017, and all deadlines in the Court's prior Order remain in effect. (Doc. No. 87.)

This case is **REFERRED** to the Magistrate Judge to appoint counsel for Plaintiff and to discuss alternative dispute resolution opportunities with the parties.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE